UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-1559(DSD/SRN)

Rarity Abdullah,

       Plaintiff,

v.                                                                **ORDER**

State of Minnesota-State
Court System, and/or Hennepin
County District Court Judges;
Eathan Weinveirl (in his
individual capacity); Steve
Kortus (in his individual
capacity); Lucy A. Wieland (in
her individual and official
capacity); Jane Whisney-Wilson
(in her individual and official
capacities), and Dana Banwer
(in her individual and official
capacities),

       Defendants.


    This matter is before the court upon plaintiff's objections to the report and recommendation of Magistrate Judge Susan R. Nelson, dated September 22, 2006. In her report, the magistrate judge recommended that defendants' motions to dismiss be granted. The magistrate judge further recommended that plaintiff's motions to amend the complaint, for a protective order, to strike and for a Rule 56(f) continuance be denied. For the reasons that follow, the court adopts the report and recommendation in part.

**BACKGROUND**

Plaintiff Rarity Abdullah filed this § 1983 action against, among others, Dana Banwer, the manager of the criminal division of the Minneapolis City Attorney's Office, Hennepin County sheriff's deputy Eathan Weinveirl and Hennepin County probation officer Steve Kortus, in their individual capacities.  In the first amended complaint, plaintiff alleges that defendants violated his rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  Banwer, Weinveirl and Kortus each separately moved to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff moved to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) to sue Kortus in his official capacity and to allege additional facts in support of his § 1983 claim against Banwer, Weinveirl and Kortus. Plaintiff also moved for a continuance under Federal Rule of Civil Procedure 56(f), for a protective order and to strike an exhibit filed in support of Weinveirl's motion to dismiss.

The magistrate judge determined that Banwer and Kortus are entitled to absolute immunity, and recommended that the court dismiss with prejudice the claims against them.  As to Weinveirl, the magistrate judge concluded plaintiff's § 1983 claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and recommended that the court dismiss that claim without prejudice.  The magistrate judge further recommended that plaintiff's motion to amend the first

amended complaint be denied as futile and the remainder of his motions be denied as moot. Plaintiff objects, arguing that he voluntarily dismissed without prejudice his claim against Banwer, that dismissal of his claims against Kortus and Weinveirl is not warranted and that he should be granted leave to amend to sue Kortus in his official capacity. The court addresses each objection in turn.

## DISCUSSION

The court makes a de novo determination as to the portions of the magistrate judge's report and recommendation to which an objection is made. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). In ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court accepts as true all facts alleged in the complaint and draws all reasonable inferences in plaintiff's favor. Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005).

**I.   Defendant Dana Banwer**

Plaintiff named Banwer as a defendant on May 16, 2006, when he filed the first amended complaint. On June 16, 2006, Banwer moved to dismiss the complaint for failure to state a claim. On August 21, pursuant to Federal Rule of Civil Procedure 41(a)(1)(i), plaintiff filed a notice of voluntary dismissal of his claims against Banwer. (See Docket No. 66.) The magistrate judge nonetheless addressed the merits of Banwer's motion to dismiss and

3

recommends that plaintiff's § 1983 claim be dismissed with prejudice. Plaintiff argues that he voluntarily dismissed that claim without prejudice when he filed the notice of dismissal.

Under Rule 41(a)(1)(i), a plaintiff has a right to voluntarily dismiss an action without permission or order of court "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Such a dismissal is without prejudice unless otherwise stated in the notice. Fed. R. Civ. P. 41(a)(1). Rule 41(a)(1) "creates a bright line that leaves no discretion to the courts" regarding when a plaintiff may voluntarily dismiss a claim and "must not be stretched beyond its literal terms." Safeguard Bus. Sys., Inc. v. Hoeffel, 907 F.2d 861, 863 (8th Cir. 1990). The court therefore limits its inquiry to "whether an answer or a motion for summary judgment was filed before the notice of voluntary dismissal." Id. If not, the court is without jurisdiction to adjudicate the merits of the withdrawn claim. Smith v. Dowden, 47 F.3d 940, 943 (8th Cir. 1995). When an affirmative defense set forth in Federal Rule of Civil Procedure 12 is raised solely within a motion to dismiss, as opposed to an answer or motion for summary judgment, a plaintiff is not deprived of his right to unilaterally dismiss the action without leave of

4

court.  See Woody v. City of Duluth, 176 F.R.D. 310, 313-15 (D. Minn. 1997) (collecting cases); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2363 (2003).

Banwer has not filed an answer or a motion for summary judgment but raised her sole challenge to the first amended complaint in a Rule 12(b)(6) motion to dismiss.  The filing of that motion did not preclude plaintiff from voluntarily dismissing his § 1983 claim against Banwer without prejudice on August 21, 2006.  Therefore, that claim is no longer before the court, and the court is without jurisdiction to address its merits.

**II.   Defendant Steve Kortus**

Plaintiff's § 1983 claim against Kortus, his state court probation officer, is based on plaintiff's allegation that Kortus inaccurately reported to Hennepin County District Court Judge Lucy A. Wieland that plaintiff had been cited for loitering, in violation of his alleged constitutional right to pretrial conditional release.  (See First Am. Compl. ¶¶ 36, 36.5.)  On January 4, 2006, Judge Wieland signed a warrant for plaintiff's arrest for violating the conditions of his release.  (Id. ¶ 37.) Plaintiff alleges that this warrant was the result of Kortus's recommendation that Judge Wieland issue an arrest warrant and revoke his conditional release.  In addition, in February of 2006 Kortus filled out another warrant form for plaintiff's arrest that Judge Wieland signed based on plaintiff's failure to contact his

5

probation officer. (Id. ¶¶ 61-62.) Plaintiff alleges that the information Kortus provided Judge Wieland was false because he was in contact with his probation officer as required. (Id.)

Absolute immunity protects not only judges from liability under § 1983, but also individuals who play an integral role in the decision-making process. Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996); Weseman v. Meeker County, 659 F. Supp. 1571, 1577 (D. Minn. 1987). The degree of immunity afforded a nonjudicial government official, absolute or qualified, depends on the function being performed. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 436 (1994); Nelson v. Balazic, 802 F.2d 1077, 1078 (8th Cir. 1986). Absolute immunity is extended to those who exercise discretionary judgments that are "functionally comparable to those of judges." Antoine, 508 U.S. at 436 (internal quotations and alterations omitted). Probation officers play an integral role in judicial decisionmaking and are entitled to absolute immunity when they use discretion to evaluate facts, draw legal conclusions and make recommendations to judicial officers. See Anton, 78 F.3d at 396 (role of probation officer in preparing presentence report comparable to role in recommending delay in parole).

The magistrate judge correctly concluded that Kortus is entitled to absolute immunity for his alleged conduct. Plaintiff challenges the veracity of the facts underlying Kortus's recommendations that the arrest warrants be issued and his release

6

revoked, as well as Kortus's motivation in making those recommendations. The court finds that in making the recommendations Kortus was performing a function adjudicative in nature that aided the district court judge in determining whether plaintiff should remain on pretrial release. <u>Cf.</u> <u>Weseman</u>, 659 F. Supp. at 1578 (investigating and reporting on conduct is functional equivalent of preparing presentence investigation report and entitles state court probation officer to absolute immunity). Kortus exercised discretion when he concluded that plaintiff's conduct violated the terms of his release and recommended that a warrant be issued and his release revoked. Therefore, Kortus is entitled to absolute immunity, and plaintiff's § 1983 claim against him is dismissed with prejudice.

**III.  Defendant Eathan Weinveirl**

On January 12, 2006, plaintiff attended a court proceeding in Hennepin County District Court in which his brother was the criminal defendant. (First Am. Compl. ¶¶ 52-53.) As plaintiff was leaving, Weinveirl shouted "you dropped your marijuana" and acted as though he was picking a small bag of marijuana off the courtroom floor. (<u>Id.</u> ¶ 54.) Weinveirl thereafter arrested plaintiff and cited him with possession of a small amount of marijuana in violation of Minnesota Statutes section 152.027,

subdivision 4, a petty misdemeanor. Plaintiff alleges that the marijuana was not his and Weinveirl planted the marijuana and falsely arrested and imprisoned him. (Id. ¶¶ 55, 59.)

To recover damages for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983 plaintiff must first prove that the underlying conviction or sentence has been invalidated or reversed. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Absent such a showing, the court looks to the essence of the claim to determine whether a judgment in plaintiff's favor on the § 1983 claim "would necessarily imply the invalidity of his conviction or sentence." Id. at 487. If it would, the court must dismiss the claim. Id. A § 1983 false arrest claim premised upon an officer unlawfully planting drugs is Heck-barred without a showing that the conviction or sentence has been terminated in plaintiff's favor. Moore v. Sims, 200 F.3d 1170, 1172 (8th Cir. 2000)(per curiam) (claim that evidence was unlawfully planted Heck-barred); see also Anderson v. Franklin County, Mo., 192 F.3d 1125, 1131 (8th Cir. 1999) (§ 1983 false arrest and false imprisonment claims Heck-barred); Wiley v. City of Chicago, 361 F.3d 994, 997 (7th Cir. 2004).

In support of his objection to the magistrate judge's determination that his claim against Weinzierl is Heck-barred, plaintiff does not argue that the petty misdemeanor has been resolved in his favor. Rather, he argues he could "probably get

the fine vacated ... [b]ut he should not have to" because he was cited for a petty misdemeanor, which he claims is civil in nature, and only received a fine. (Pl.'s Mem. at 12.) Plaintiff's arguments are not persuasive or well grounded in legal authority. Despite the fact that the Minnesota Criminal Code provides that a petty misdemeanor "does not constitute a crime,"[1] disposition of petty misdemeanors is governed by the Minnesota Rules of Criminal Procedure, and Minnesota courts do not view such offenses as civil but as a subclass of misdemeanors subject to statutory limits of punishment. State v. Tessema, 515 N.W.2d 626 (Minn. Ct. App. 1994). Further, the magistrate judge correctly concluded that the misdemeanor citation does not preclude application of Heck v. Humphrey. See Cummings v. City of Akron, 418 F.3d 676, 683 (6th Cir. 2005). If plaintiff was successful in his § 1983 false arrest claim, such a judgment would necessarily invalidate his state court citation and resultant fine. Therefore, dismissal of that claim without prejudice under Heck v. Humphrey is warranted.

**IV.  Plaintiff's Motion to Amend Complaint**

Plaintiff moved to amend the complaint to sue Kortus in his official capacity and enjoin the Hennepin County District Court,

---

[1] Under Minnesota law, a petty misdemeanor "means a petty offense which is prohibited by statute, which does not constitute a crime and for which a sentence of a fine of not more than $300 may be imposed." Minn. Stat. § 609.02, subd. 4a. A "crime" under Minnesota law is defined as "conduct which is prohibited by statute and for which the actor may be sentenced to imprisonment, with or without a fine." Id. subd. 1.

through its probation officers, from seeking arrest warrants of defendants on pretrial release without first holding a preliminary hearing to determine whether there is probable cause to believe the defendant violated the terms of release.  The magistrate judge determined plaintiff's claim is barred by the Eleventh Amendment and recommended denying the motion as futile.  However, because plaintiff seeks to add an official capacity claim against Kortus, a Hennepin County employee, the Eleventh Amendment does not bar such a claim.  See Greenwood v. Ross, 778 F.2d 448, 453 (8th Cir. 1985) ("[A] suit against a county ... is not regarded as a suit against a state within the meaning of the Eleventh Amendment.")

The court will nonetheless deny plaintiff's motion to amend as futile because he provides no legal authority to support his claim that Hennepin County, through its probation officers, has violated his constitutional rights.  Plaintiff does not have a constitutional due process right to a pre-arrest hearing to determine whether probable cause exists to believe he violated the conditions of his pretrial release.  See United States v. Bowdach, 561 F. 2d 1160, 1166 (5th Cir. 1977).  Rather, his right to due process is "satisfied by the granting of a hearing immediately after [he] is brought into custody in order to determine whether the bond should be permanently revoked."  Id.  Therefore, the court adopts the recommendation of the magistrate judge and denies plaintiff's motion to amend as futile.

**CONCLUSION**

Following a de novo review of the file and record, the court adopts the report and recommendation of the magistrate judge [Docket No. 68] in part.  Accordingly, **IT IS HEREBY ORDERED** that:

1.   Defendant Eathan Weinveirl's Motion to Dismiss [Doc. No. 11] is granted;

2.   Defendant Steve Kortus's Motion to Dismiss [Doc. No. 14] is granted;

3.   Defendant Dana Banwer's Motion to Dismiss [Doc. No. 30] is denied as moot because plaintiff has voluntarily dismissed the claims against her;

4.   Plaintiff Rarity Abdullah's Motion to Amend the Complaint, Motion for Protective Order, Motion to Strike and Motion for a Rule 56(f) Continuance [Doc. No. 45] are denied in part and denied as moot in part.


**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  November 16, 2006

                                       s/David S. Doty
                                       David S. Doty, Judge
                                       United States District Court